Sanchez v VanRiper (2023 NY Slip Op 03098)

Sanchez v VanRiper

2023 NY Slip Op 03098

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

128 CA 22-00736

[*1]MELISSA SANCHEZ, PLAINTIFF-RESPONDENT,
v
LOREN VAN RIPER, M.D., ET AL., DEFENDANTS, DUC NGUYEN, P.A., LOUIS DEVITO, P.A., LINDA LUPO, F.N.P., EASTERN FINGER LAKES EMERGENCY MEDICAL CARE, PLLC, PAUL KOENIG, M.D., GERALD MCMAHON, M.D., AND ST. JOSEPH'S HOSPITAL HEALTH CENTER, DEFENDANTS-APPELLANTS. 

HIRSCH & TUBIOLO, P.C., ROCHESTER (RICHARD S. TUBIOLO OF COUNSEL), FOR DEFENDANTS-APPELLANTS DUC NGUYEN, P.A., LOUIS DEVITO, P.A., AND EASTERN FINGER LAKES EMERGENCY MEDICAL CARE, PLLC.
GALE GALE & HUNT, LLC, FAYETTEVILLE (MAX D. GALE OF COUNSEL), FOR DEFENDANTS-APPELLANTS GERALD MCMAHON, M.D., AND ST. JOSEPH'S HOSPITAL HEALTH CENTER. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (ZACHARY M. MATTISON OF COUNSEL), FOR DEFENDANTS-APPELLANTS LINDA LUPO, F.N.P., AND PAUL KOENIG, M.D.
GILLETTE & IZZO LAW OFFICE PLLC, SYRACUSE (JANET M. IZZO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ERIC G. JOHNSON OF COUNSEL), FOR DEFENDANTS AUBURN MEMORIAL MEDICAL SERVICES, P.C., AUBURN COMMUNITY HOSPITAL, AND CHRISTINA GRAY, RN, MSN, ANP.

 Appeals from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered April 22, 2022. The order, inter alia, denied the motion of defendants Duc Nguyen, P.A., Louis DeVito, P.A., and Eastern Finger Lakes Emergency Medical Care, PLLC, for summary judgment dismissing the complaint against them. 
Now, upon reading and filing the stipulation of discontinuance with respect to defendants Louis DeVito, P.A., Linda Lupo, F.N.P., Paul Koenig, M.D., Gerald McMahon, M.D., and St. Joseph's Hospital Health Center, signed by the attorneys for the parties in April 2023,
It is hereby ORDERED that said appeals by defendants Louis DeVito, P.A., Linda Lupo, F.N.P., Paul Koenig, M.D., Gerald McMahon, M.D., and St. Joseph's Hospital Health Center are unanimously dismissed upon stipulation, and the order is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action alleging, inter alia, that defendant Duc Nguyen, P.A. was negligent in failing to diagnose and treat plaintiff, and that defendant Eastern Finger Lakes Emergency Medical Care, PLLC (Finger Lakes), is liable for Nguyen's negligence under the theory of respondeat superior. Finger Lakes and Nguyen (collectively, defendants) appeal from an order that denied their motion for summary judgment dismissing the complaint against them. We affirm.
We reject defendants' contention that plaintiff's expert failed to offer an adequate foundation for their qualifications to render an opinion about the standard of care to be followed [*2]by physician's assistants in a hospital emergency department. "It is well recognized that a plaintiff's expert need not have practiced in the same specialty as the defendants" (Payne v Buffalo Gen. Hosp., 96 AD3d 1628, 1629 [4th Dept 2012]), and "any alleged lack of knowledge in a particular area of expertise goes to the weight and not the admissibility of the testimony" (Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1471 [4th Dept 2020] [internal quotation marks omitted]). Here, plaintiff's expert is a board certified emergency medicine physician with over 40 years of experience practicing emergency medicine, which included directing two hospital emergency departments and serving as the chief medical officer of a substantial network of hospitals, in which capacities the expert managed and supervised doctors as well as physician's assistants, nurse practitioners, nurses, and other medical staff personnel. We conclude that plaintiff's expert "had the requisite skill, training, education, knowledge or experience from which it can be assumed that [the expert's] opinion[] . . . [is] reliable" (Leberman v Glick, 207 AD3d 1203, 1205 [4th Dept 2022] [internal quotation marks omitted]; see Stradtman, 179 AD3d at 1470-1471; Payne, 96 AD3d at 1629-1630). Moreover, although defendants met their initial burden of establishing entitlement to judgment as a matter of law, we conclude that "the affirmation of plaintiff's expert submitted in opposition to the motion . . . raised triable issues of fact sufficient to defeat the motion" (Payne, 96 AD3d at 1630; see Leberman, 207 AD3d at 1205).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court